## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DWAYNE L. RIECO and
HERIBERTO RODRIGUEZ,                    )
                                        )
          Plaintiffs,                   )     Civil Action No. 2: 13-cv-1360
                                        )
v.                                      )     United States Magistrate Judge
                                        )     Cynthia Reed Eddy
CAROL SCIRE, Grievance Coordinator;     )
and MR. CAPPOZZA, Facility Manager,     )
                                        )
          Defendants.                   )

### MEMORANDUM AND ORDER

Plaintiffs Dwayne L. Rieco and Heriberto Rodriguez have submitted a Complaint in

which they assert that Defendants have violated their constitutional rights by obstructing the

Pennsylvania grievance policy and procedures DC-ADM-804.  Specifically, Plaintiffs allege that

Defendant Scire has not assigned a grievance tracking number to their grievances and does not

enter every grievance into the automated grievance tracing system.

Plaintiffs have not paid the filing fee for this action.  When submitting a Motion to

Proceed In Forma Pauperis, a plaintiff is required to submit "an affidavit that includes a

statement of all assets such prisoner possesses that the person is unable to pay such fees or give

security therefor." 28 U.S.C. § 1915(a)(1).  In addition to the aforementioned affidavit, a

plaintiff is further required to "submit a certified copy of the trust fund account statement (or

institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing

of the complaint or notice of appeal, obtained from the appropriate official of each prison at

which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

1

In this case, Plaintiff Rieco has filed a Motion to Proceed in Forma Pauperis and an Inmate Authorization Form, but did not submit the required Affidavit or certified copy of his trust account statement.  Plaintiff Rodriguez has not submitted a filing fee nor has he submitted an in forma pauperis application, the required affidavit or a certified copy of his trust account statement.

When more than one prisoner seeks to join in a complaint against a government official or entity, the plaintiffs may prepay a single $400 filing fee or each prisoner must seek and obtain *in forma pauperis* status.[1]  In the latter scenario, the Court must direct the $350.00 assessment against each prisoner-plaintiff by directing the agency having custody of each prisoner to deduct the filing fee in monthly installments from each prisoner's account as if each prisoner were filing his own individual complaint.  *See Hagan v. Rogers*, 570 F.3d 146, 155 -57 (3d Cir. 2009).

Additionally, Plaintiffs are advised that this Court must review their Complaint in accordance with the authority granted to federal courts for sua sponte screening and dismissal of prisoner claims under the PLRA. Specifically, section 1915(e) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the prisoner is NOT

---

[1]      As of May 1, 2013, the Judicial Conference of the United States added a $50.00 administrative fee to all civil actions (excluding habeas) filed on or after that date.  This fee does NOT apply to persons granted IFP status.  Thus, the filing fee remains $350.00 when a motion to proceed IFP is approved.  However, if IFP status is denied, the Plaintiff will be assessed the full

entitled to the return of his filing fee.  However, the Complaint will not be formally screened

until such time as the Motions for Leave to Proceed in forma pauperis have been ruled upon.

**AND NOW**, this 23rd day of September, 2013, it is hereby **ORDERED** as follows:

**As to Plaintiff Rieco**, in order to proceed with this lawsuit, he must submit the

following:

1.      an affidavit that includes a statement of all assets such prisoner possesses that the

person is unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a)(1);

2.       certified copy of his trust fund account statement (or institutional equivalent) for

the 6-month period immediately preceding the filing of the complaint, obtained from the

appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. §

1915(a)(2); and

3.      an executed authorization form authorizing the custodian of his inmate account to

withdraw funds from his account to pay to the Clerk, United States District Court for the Western

District of  Pennsylvania.

Plaintiff shall notify the Court if he wants to proceed with this case by returning the

enclosed authorization.  If Plaintiff Rieco decides not to proceed with the case, he need not pay

the $350 filing fee and he will be dismissed from this action.  Should Plaintiff Rieco wish to

proceed with this action, he must authorize payments from his inmate account by returning a

signed copy of the enclosed authorization form by **October 10, 2013**.  When funds exist in the

prisoner's account, the Court must collect an initial partial filing fee of 20 percent of the greater

$400.00 fee.

of-- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint.  Thereafter, each time that the balance in plaintiff's prison account exceeds $10, an amount no greater than 20 percent of the money credited to plaintiff's account during the preceding month will be deducted and forwarded to the Clerk of Court until the filing fee is paid. An authorization form is attached.  Plaintiff Carter's failure to return a signed authorization will result in his dismissal from this action.

**As to Plaintiff Rodriguez,** in order to proceed with this lawsuit, he must submit the following:

1.      a completed Motion to Proceed In Forma Pauperis;

2.      an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a)(1);

3.      a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner is or was confined.  28 U.S.C. § 1915(a)(2); and

4.       an executed authorization form authorizing the custodian of his inmate account to withdraw funds from his account to pay to the Clerk, United States District Court for the Western District of Pennsylvania.

If Plaintiff Rodriguez decides not to proceed with the case, he need not pay the $350 filing fee and he will be dismissed from this lawsuit.  Should Plaintiff Rodriguez wish to proceed with this action, he must authorize payments from his inmate account by returning a signed copy

of the enclosed authorization form by **October 10, 2013**.   A Prisoner In Forma Pauper Motion

and Declaration, as well as an authorization, are attached.  Plaintiff Rodriguez's failure to return

these documents will result in his dismissal from this action.


_s/ Cynthia Reed Eddy_
Cynthia Reed Eddy
United States Magistrate Judge

cc:     DWAYNE L. RIECO
        HU-2494
        SCI Pittsburgh
        Post Office Box 99991
        Pittsburgh, PA 15233


        HERIBERTO RODRIGUEZ
        FW-1620
        SCI Pittsburgh
        P.O. Box 99991
        Pittsburgh, PA 15233

## AUTHORIZATION

I, **DWAYNE L. RIECO,** hereby authorize the custodian of my inmate account to withdraw from my account and pay to the Clerk, United States District Court for the Western District of Pennsylvania, monthly payments of twenty percent (20%) of the preceding month's income credited to my account and to forward payments from my account, each time the amount in my account exceeds $10.00, to the Clerk, United States District Court, until the entire filing fee of $350.00 for Civil Action No. 2: 13-cv-01360 has been paid.

_____
PLAINTIFF'S SIGNATURE / DATE

## WITHDRAWAL OF ACTION

I, **DWAYNE L. RIECO**, Move to Withdraw Civil Action 2: 13-cv-01360.

_____
PLAINTIFF'S SIGNATURE / DATE

## AUTHORIZATION

I, **HERIBERTO RODRIGUEZ**, hereby authorize the custodian of my inmate account to withdraw from my account and pay to the Clerk, United States District Court for the Western District of Pennsylvania, monthly payments of twenty percent (20%) of the preceding month's income credited to my account and to forward payments from my account, each time the amount in my account exceeds $10.00, to the Clerk, United States District Court, until the entire filing fee of $350.00 for Civil Action No. 2: 13-cv-01360 has been paid.

_____

PLAINTIFF'S SIGNATURE / DATE

## WITHDRAWAL OF ACTION

I, **HERIBERTO RODRIGUEZ** , Move to Withdraw Civil Action 2: 13-cv-01360.

_____

PLAINTIFF'S SIGNATURE / DATE