IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DWAYNE L. RIECO, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 2: 13-cv-1360 |
| v. | ) | United States Magistrate Judge |
| CAROL SCIRE, Grievance Coordinator; and MR. CAPPOZZA, Facility Manager, | ) | Cynthia Reed Eddy |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendants (ECF No. 68) be granted and this case be dismissed with prejudice.

**II.    REPORT[1]**

**A.    Relevant and Material Facts**

The following allegations are summarized from the Complaint, and must be taken as true in deciding this Motion to Dismiss. *See Newman v. Beard*, 617 F.3d 775, 779 (3d Cir. 2010).

---

[1] The Court acknowledges that presently pending before the United States Court of Appeals for the Third Circuit at Case No. 14-1606 is Plaintiff's appeal of this Court's ruling on Plaintiff's Motion for Reconsideration, which asked for reconsideration of the Court's denial of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. *See* Notice of Appeal, March 11, 2014 (ECF No. 50). However, this Court has not been divested of jurisdiction because only final orders of the district courts may be reviewed. 28 U.S.C. § 1291. Absent consent of the parties to proceed before a Magistrate Judge, appeal of an order issued by a Magistrate Judge is to a District Judge. 28 U.S.C. § 636(b)(1) & (c)(1). Plaintiff has not consented to proceed before a Magistrate Judge. *See* ECF No. 72.

1

Distilled to its essence, the Complaint alleges that Defendants have violated the policy of the Department of Corrections ("DOC") with regard to the grievance process.[2] Specifically, it is alleged that Defendant Scire, the Grievance Coordinator, has not responded to Plaintiff's grievances[3] with a grievance tracking number or a rejection form. As to Defendant Cappozza, the Facility Manager, the Complaint states that he has "delayed exhaustion to remedies to the state grievance system by not responding to grievance appeals or granting a timely response." Complaint, at ¶ 16 (ECF No. 32.) Plaintiff claims that Defendants' actions have violated his First Amendment right and his due process rights. Complaint, at ¶V-C(2). He seeks compensatory damages in the amount of $1,750,000.00 and punitive damages in the amount of $150,000.00.

Defendants have filed the instant Motion to Dismiss (ECF No. 68), along with a Brief in support thereof (ECF No. 69), claiming that the Complaint should be dismissed for failure to state a claim as Defendants' alleged "failures to adhere to the policies and procedures established by the DOC fail to rise to the level of a Constitution violation." Defs' Br. at 3 (ECF No. 3). Plaintiff responds that his "claim is not that the Defendants denied him the grievance procedures

---

[2] Plaintiff has filed a number of documents that are not related to the claims of this lawsuit, which is limited to the claim that Defendants are not following DOC grievance policies and procedures. By Text Order of January 31, 2014, Plaintiff was advised that any additional claims, such as retaliation, deprivation of food, denial of commissary requests for paper and supplies, access to the court, etc., are unrelated to the claims of the instant lawsuit and will not be considered by the Court. Plaintiff was advised that he remained free to initiate a new lawsuit alleging these unrelated claims, which he has done. See Case Nos. 14-cv-0351; 14-cv-0588; and 14-cv-1145 (administratively closed for failing to pay the filing fee or file a motion for leave to proceed in forma pauperis).

[3] According to the Complaint, Plaintiff has filed nineteen (19) grievances and only one (1) has been returned with a tracking number.

but that they obstructed the grievance system." Pl's Br. at 8 (ECF No. 75). The matter is ripe for disposition.

**B.      Standard of Review for Motion to Dismiss**

*1.      Pro Se Litigants*

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley,* 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a section 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).[4]   *See also Nami v. Fauver,* 82 F.3d 63, 65 (3d

---

[4]   The Court of Appeals for the Third Circuit has explained the liberal construction of pro se pleadings, as follows:

The federal rules do not adhere to the ancient principle that a pleading must be construed most strongly against the pleader.  Nor do the federal courts require technical exactness or draw refined inferences against the pleader; rather, they make a determined effort to understand what he is attempting to set forth and to construe the pleading in his favor, whenever justice so requires.  This is particularly true when a court is dealing with a complaint drawn by a layman

3

Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins,* 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

2. *Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard*

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v.*

---

unskilled in the law. In these cases, technical deficiencies in the complaint will be treated leniently and the entire pleading will be scrutinized to determine if any legally cognizable claim can be found within it.

*Lewis v. Attorney General of U.S.,* 878 F.2d 714, 722 (3d Cir. 1989) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1286, at 381-84 (1969)).

*Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably

authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

**C.     Discussion and Analysis**

Prisoners have a constitutional right of access to the courts under the First and Fourteenth Amendments. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "[T]o pursue a claim of denial of access to the courts an inmate must allege actual injury . . . ." *Oliver v. Fauver*, 118 F.3d 175, 177 (3d Cir. 1997) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). "Actual injury occurs when a prisoner demonstrates that a 'nonfrivolous' and 'arguable' claim was lost because of the denial of access to the courts." *Watson v. Sec'y Pa Dep't of Corrections,* -- F. App'x ---, 2014 WL 2200469 (3d Cir. May 28, 2014) (citing *Christopher v. Harbury,* 536 U.S. 403, 415 (2002). Importantly, where an inmate does not allege actual injury to his ability to litigate a claim, his constitutional right to access the courts has not been violated. *See Lewis v. Casey,* 518 U.S. 343, 351-53 (1996).

6

In this case, Plaintiff fails to allege an actual injury as he does not allege that he has been prevented from litigating a potentially meritorious claim. Further, to the extent that Plaintiff is asserting that Defendants' conduct hindered his efforts to pursue his "nonfrivolous" and "arguable" claims, he lacks standing to assert such an access to courts claim. *See Lewis*, 518 U.S. at 352 (An inmate lacks standing to pursue an access to the courts claim unless he shows that the alleged interference of prison officials "hindered his efforts to pursue a legal claim."). Accordingly, Plaintiff's access to courts claim should be dismissed and dismissal should be with prejudice as it appears that granting Plaintiff leave to amend this claim would be futile. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

It is likewise well-established that inmates do not have a constitutionally protected right to a prison grievance system. *Freeman v. Dep't of Corr.,* 447 F. App'x 385, 387 (3d Cir. 2011). Thus, whether the Defendants denied Plaintiff the grievance process or obstructed the grievance procedure, by itself, simply does not give rise to a cognizable, independent claim. *See Heleva v. Kramer,* 214 F. App'x 244, 247 (3d Cir. 2007) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases); *Allen v. Warden of Dauphin Cnty. Jail*, No. 07–1720, 2008 WL 4452662, at *5 (M.D.Pa. Sept. 29, 2008) (holding a prison official's refusal to provide grievance forms or respond to an inmate's complaint does not constitute a violation of due process).

Accordingly, the Court recommends that Plaintiff's due process claim should be dismissed and dismissal should be with prejudice as it appears that granting Plaintiff leave to amend this claim would be futile. *Fletcher-Harlee Corp.,* 482 F.3d at 251.

**III.     Conclusion**

For the reasons stated above, it is respectfully recommended that the Motion to Dismiss filed by Defendants be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed until **September 22, 2014**, to file Objections to this Report And Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: September 5, 2014

                                                  s/ Cynthia Reed Eddy
                                                  Cynthia Reed Eddy
                                                  United States Magistrate Judge


cc:      DWAYNE L. RIECO
          HU-2494
          SCI Pittsburgh
          Post Office Box 99991
          Pittsburgh, PA 15233
          (Via First Class Mail)

          Yana L. Warshafsky
          Office of the Attorney General
          (via CM/ECF electronic notification)